**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYMOND J. CASCELLA, et al.,**

       **Plaintiffs,**

**-vs-**                                          **Case No. 6:04-cv-1822-Orl-19DAB**

**CANAVERAL PORT DISTRICT, et al.,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL (Doc. No. 48)**
>
> **FILED:** August 2, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED, in part and DENIED, in part**.

The Interrogatories at issue are set forth in the motion. With respect to Defendant Canaveral Port District, Plaintiff Cascella seeks better answers to Interrogatories 2, 6, 7, 12, 13, and 15. With respect to Defendant Matheny, Plaintiff seeks better response to Interrogatories No. 4, 5 and 7. The Defendants responded to the motion (Doc. Nos. 49-51), and the Court addresses the dispute, Interrogatory by Interrogatory, below.

**Interrogatory 2:** seeks the date and subject matter of every commission meeting held by the District since 1991 that involved Mr. Jeffrey Woods and the individual plaintiffs. The Defendant

objected on relevancy and burden grounds, but answered substantively. As an answer has been provided, the motion is denied.

**Interrogatories 6 and 7:** These seek information regarding "every tenant . . .that was behind in their rent or least payments since 1991." The District has objected on relevancy grounds, as well as vagueness and undue burden. The motion is denied. The question is overbroad and vague, and, as set forth in the response papers, it appears that the District has no way to readily determine the information, even if the request could be tailored to define what constitutes being "behind" on rent payments.[1]

**Interrogatories 12 and 13:** These Interrogatories seek information regarding whether the District leased Plaintiff's former space, after his eviction. The District has responded that such information is not relevant. The Court disagrees. Plaintiff has alleged that his personal property was taken and used, without permission or compensation. Certainly, the matters incident to the alleged taking are relevant to that claim. The motion is **granted,** and the District shall answer the Interrogatories within 11 days of the date of this Order.

**Interrogatory 15** asks if the District ever obtained a legal distress writ and had a sheriff's sale of his property. The District answered by stated that Defendant obtained a Final Judgment of Eviction and Writ of Possession, and referred to the District's rights under the lease. Plaintiff contends that he is entitled to a Yes or No answer. This is not necessarily true, with respect to Interrogatories. For example, where appropriate, an answering party may refer the propounding party to business records,

---

[1] The request could be read as including a payment one day late, for example. The Court agrees with the District that the request is overbroad, to the extent it would require a month by month analysis of every tenant's payment schedule, over a fourteen year period of time, in order to determine, if even possible, when each payment was received.

in lieu of providing a specific answer. Regardless, the District has since supplemented its response, so the motion is moot.

With respect to Defendant Matheny, Plaintiff asks if he "believe[s] that [the District] has the legal right to place State of Florida license plates on its vehicle (Interrogatory 4); if so, support for this legal right (Interrogatory 5); and to "explain the facts underlying the need for [his] decision to have [the District] establish "our new Tenant Development and Relations Department." (Interrogatory 7). The Court agrees with Matheny that his individual beliefs regarding these matters are not relevant to any issue or defense plead. The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties