**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYMOND J. CASCELLA, MANOS, INC.,**
**a Florida corporation, and ROLAND**
**CARLSON**

                           **Plaintiffs,**

**-vs-**                                    **Case No.  6:04-cv-1822-Orl-19DAB**

**CANAVERAL PORT DISTRICT d/b/a**
**CANAVERAL PORT AUTHORITY as**
**provided by Florida Senate Bill No. 3040,**
**CHAPTER 95-465, LAWS OF FLORIDA,**
**Commissioners RODNEY S. KETCHAM,**
**RAYMOND P. SHARKEY, DONALD N.**
**MOLITOR, RALPH J. KENNEDY, JOE D.**
**MATHENY in their individual and official**
**capacities, HAROLD T. BISTLINE, Florida**
**Bar. No. 0337218, and WILLIAM P.**
**BANCROFT, employees, official capacity**
**and individual capacity, singly, jointly and**
**severally,**

                         **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1.     The Motion of Plaintiffs Roland Carlson and Manos, Inc. to Join their Amended
Complaint with Pro Se Plaintiff Cascella's Amended Complaint.  (Doc. No. 30, filed on
January 19, 2005).

2.     Defendants' Motion to Dismiss Complaint  (Doc. No. 13, filed on January 5, 2005) and

Memorandum of Law in support of Motion to Dismiss Complaint.  (Doc. No. 14, filed on January 5, 2005).

3.      Defendants' Motion to Dismiss the Amended Complaint filed by Raymond J. Cascella on behalf of Roland Carlson and Manos, Inc. (Doc. No. 25, filed on January 19, 2005) and Defendants' Memorandum of Law in Support of Motion to Dismiss.  (Doc. No. 26, filed on January 19, 2005).

4.      Plaintiff Raymond J. Cascella's Response to Defendants' Motion to Dismiss Amended Complaint.  (Doc. No. 37, filed on January 31, 2005).

5.      Defendants' Motion to Dismiss the Amended Complaint of Plaintiffs Roland Carlson and Manos, Inc.  (Doc. No. 33, filed on January 27, 2005) and Defendants' Memorandum of Law in Support of Motion to Dismiss.  (Doc. No. 34, filed on January 27, 2005).

6.      The Response of Plaintiffs Manos, Inc. and Roland Carlson to Defendants' Motion to Dismiss Amended Complaint.  (Doc. No. 38, filed on February 27, 2005).

**Background**

Raymond Cascella owns a commercial building on land that he leases from the Canaveral Port Authority ("Port Authority").  (Doc. No. 20, ¶ 11)).  Manos, Inc. is a subtenant of Cascella doing business as Seaport Restaurant and Lighthouse Lounge.  (*Id.* at ¶ 12).  Carlson is also a subtenant of Cascella with a retail shrimp business.  (*Id.* at ¶ 13).

The essence of this dispute focuses on the alleged actions of the Canaveral Port Authority, Rodney S. Ketcham, Raymond P. Sharkey, Donald N. Molitor, Ralph J. Kennedy, Joe D. Matheny, Harold T. Bistline, and William P. Bancroft in removing this case from the federal bankruptcy court to

the state court and in allegedly evicting Cascella and his subtenants, Manos, Inc. and Carlson, from the

Port Authority's property without due process.  (*See* Doc. No. 20).

## Procedural History

On December 14, 2004, a complaint was filed naming Cascella, Manos, Inc., and Carlson as

Plaintiffs.  (Doc. No. 1).  On January 5, 2005, Defendants filed a Motion to Dismiss Plaintiffs'

Complaint and a memorandum of law in support of the motion.  (Doc. Nos. 13, 14).

On January 11, 2005, Cascella filed an Amended Complaint on behalf of himself and Roland

Carlson and Manos, Inc. against Canaveral Port District d/b/a Canaveral Port Authority,

Commissioners Rodney S. Ketcham, Raymond P. Sharkey, Donald N. Molitor, Ralph J. Kennedy, Joe

D. Matheny, in their individual and official capacities, Harold T. Bistline, and William P. Bancroft.

(Doc. No. 20).  The Amended Complaint was signed by Cascella, pro se, on behalf of himself and on

behalf of Manos, Inc. and Carlson.  Because Cascella is not a member of the Bar of this Court, the

Court found that he had violated Local Rule 2.01(a) which provides that "[n]o person shall be

permitted to appear or be heard as counsel for another in any proceeding in this Court unless first

admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the

Court.)." (Doc. No. 24, filed on January 14, 2005).  Furthermore, the Court found that Cascella had

violated Local Rule 2.03(d) which provides that "[a] corporation may appear and be heard only

through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." (*Id.*)  The Court

permitted Manos, Inc. to file a notice of appearance of counsel to represent it in this case within ten

days from the date of the Order.  (*Id.*)  The Court also permitted Carlson to file a notice of appearance

of counsel to represent him in this case or to file a notice, signed by him, stating that he adopted the

allegations of the Amended Complaint at Docket Number 20 as true and correct and that he would

-3-

prosecute the case representing himself. (*Id.*)  Carlson had ten days from the date of the Order in which to comply. (*Id.*)

On January 19, 2005, Attorney Howard M. Swerbilow filed a Notice of Appearance of Counsel for Manos, Inc. (Doc. No. 27).  Carlson failed to comply with the Court's Order at Docket Number 24.

Without leave of Court, Manos, Inc. and Carlson then filed in this case their own separate Amended Complaint against Canaveral Port District d/b/a Canaveral Port Authority, Commissioners Rodney S. Ketcham, Raymond P. Sharkey, Donald N. Molitor, Ralph J. Kennedy, Joe D. Matheny, in their individual and official capacities, Harold T. Bistline, and William P. Bancroft. (Doc. No. 29, filed on January 19, 2005).

On January 19, 2005, Plaintiffs Roland Carlson and Manos, Inc. filed a Motion to Join their Amended Complaint with Cascella's Amended Complaint. (Doc. No. 30).  Defendants did not respond to this Motion, nor did Plaintiff Cascella object to it.

On January 19, 2005, Defendants filed a Motion to Dismiss the Amended Complaint that Cascella had filed on behalf of himself, Manos, Inc., and Carlson. (Doc. No. 25).  Defendants argue that the Court should dismiss this Amended Complaint on the following grounds: 1) Plaintiffs have failed to comply with Federal Rule of Civil Procedure 10; 2) Plaintiffs' constitutional claims should be dismissed because of failure to state a claim under 42 U.S.C. section 1983 and the doctrine of qualified immunity; 3) Res judicata mandates the dismissal of the constitutional and ejectment claims; 4) Florida's litigation privilege precludes Defendants' liability on the claims of fraud and conspiracy to commit fraud; 5) Plaintiffs have failed to state a claim for fraud and have failed to meet the requirements of Federal Rule of Civil Procedure 9(b) in alleging fraud; 6) Plaintiffs cannot demonstrate that Defendant violated any court order; and 7) Plaintiffs have failed to state a claim for

replevin, ejectment, or conversion.

On January 27, 2005, Defendants filed a Motion to Dismiss  the Amended Complaint of

Roland Carlson and Manos, Inc.  (Doc. No. 33).  Defendants raised the same arguments in this motion.

**1. The Motion of Plaintiffs Roland Carlson and Manos, Inc. to Join Their Amended Complaint with Cascella's Amended Complaint (Doc. No. 30)**

The filing of multiple amended complaints presents various issues.  The Court must first

determine whether Defendant's Motion to Dismiss the original Complaint at Docket Number 1

constitutes a responsive pleading within the language of Federal Rule of Civil Procedure 15(a).  Under

Rule 15(a), a party may amend its pleadings once as a matter of course at any time before a responsive

pleading is served.  FED. R. CIV. P. 15(a).  If the rules do not permit a responsive pleading to be filed

and the action has not been placed on the trial calendar, the party may amend the pleading at any time

within 20 days after it is served.  *Id.*

Defendants' Motion to Dismiss at Docket Number 13 does not constitute a responsive

pleading.  *See, e.g., Chilivis v. Securities and Exchange Commission*, 673 F.2d 1205, 1209 (11th Cir.

1982) ("[n]either a motion to dismiss nor a motion for summary judgment constitutes responsive

pleadings for purposes of the federal rules") (internal citations omitted).  Because Defendants' Motion

to Dismiss is not a responsive pleading, Plaintiffs retained the right to amend the complaint once as a

matter of course under Federal Rule of Civil Procedure 15(a).  Thus, Defendant's Motion to Dismiss at

Docket Number 13 is moot.

However, in this case, there are two complaints pending which assert different causes of action

in part.  There is no rule of Court that allows separate parties to file separate complaints in the same

proceeding.  At best, Carlson and Manos, Inc.'s complaint constitutes a Second Amended Complaint

for which leave of Court or written consent of the adverse parties is required in order for it to be filed.

-5-

Neither the consent of Court nor written consent of the adverse party is shown.  Therefore, Carlson and Manos, Inc.'s Amended Complaint at Docket Number 29 is an unauthorized pleading and must be stricken from the record.

Thus, the Motion of Plaintiffs Carlson and Manos, Inc. to Join Their Amended Complaint (Doc. No. 29) to the Amended Complaint of Cascella, Manos, Inc. and Carlson (Doc. No. 20) is denied.  Defendants' Motion to Dismiss (Doc. No. 33) the Amended Complaint of Manos, Inc. and Carlson (Doc. No. 29) is denied as moot.  Cascella, Manos, Inc. and Carlson may file within 10 days from the date of this Order a single complaint, signed by each individual Plaintiff or an attorney on behalf of each individual Plaintiff and signed by the attorney for Manos, Inc., which comports with this Order and which sets forth in one pleading all causes of action arising from the same transactions or occurrences which are the subject of their lawsuit.  On the failure of Manos, Inc., Carlson, and Cascella to jointly file a single amended complaint as ordered, the Amended Complaint of Cascella (Doc. No. 20) signed by Cascella and by Manos, Inc. through its Notice of Appearance of Counsel (Doc. No. 27) shall stand as the complaint in this case, and Carlson, who failed to comply with the Order at Docket Number 24, shall be dropped as a party to this case.[1]

## 2. Defendants' Motion to Dismiss (Docket No. 25) the Amended Complaint (Doc. No. 20)

### a. Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.

---

[1] In the alterative, Manos, Inc. and Carlson may file a separate lawsuit and pay the filing fee.

1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its

consideration to the pleadings and written instruments attached to the complaint as exhibits.  *Fed R.*

*Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can

prove no set of facts that would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### b. Analysis

#### (1.) Argument that Pleading Deficiencies Require the Court to Dismiss the Amended Complaint

Defendants argue that the Court should dismiss the Amended Complaint because Plaintiffs

have failed to comply with Federal Rule of Civil Procedure 10 which requires the plaintiff to number

paragraphs and limit the contents of each paragraph of the complaint to a single set of circumstances.

Defendants contend that Plaintiffs combine separate causes of action within the same count and fail to

separate each alleged act by each Defendant into individually numbered paragraphs, making it

virtually impossible to ascertain from the Amended Complaint which Defendant is alleged to have

committed which act.  Because of this lack of specificity, Defendants claim that they cannot provide an

adequate response to Plaintiffs' Amended Complaint.

Federal Rule of Civil Procedure 10(b) provides:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each
> of which shall be limited as far as practicable to a statement of a single set of circumstances;
> and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded
> upon a separate transaction or occurrence and each defense other than denials shall be stated in
> a separate count or defense whenever a separation facilitates the clear presentation of the
> matters set forth.

This Rule requires the pleader to present the claims in a discrete and succinct manner so that the

opponent can discern what is being claimed and frame a responsive pleading.  *Fikes v. City of Daphne*,

79 F.3d 1079, 1082 (11th Cir. 1996).  This Rule also assists the Court in determining what facts

support each claim and whether the plaintiff has stated any claims upon which relief can be granted. *Id.* (internal citation omitted).  Rule 10(b) explicitly requires a separation of claims into separate counts when necessary to facilitate a clear presentation.  *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943).

Count I in the Amended Complaint contains multiple and repetitive allegations relating to different claims, such as averments that Defendants deprived them of their rights under the Fourth Amendment, that Defendants violated the equal protection clause to the Fourteenth Amendment and 42 U.S.C. section 1983, that Defendants intentionally disregarded Plaintiffs' right to equal protection of the law under 28 U.S.C. section 1446(d), and that Defendants violated Plaintiffs' due process rights. (Doc. No. 20, ¶¶ 27,  34, 35).  Plaintiffs challenge Defendants' actions of removing the case to state court after the Bankruptcy Court denied Defendants' Motion for Summary Judgment, Defendants' actions of locking out Manos, Inc. from its restaurant, and Defendants' failure to obtain a money judgment and distress writ.  (*Id.* at ¶¶ 23, 24, 30, 32).  Count I of the Amended Complaint contains several causes of actions relating to different circumstances and is so incomprehensible, vague, and difficult to follow such that the opposing parties should not be expected to respond to such pleading. A separation of claims is required to facilitate the clear presentation of such complicated matters. Therefore, the Court finds that Count I fails to comport with Federal Rule of Civil Procedure 10, and Defendants' Motion to Dismiss Count I is granted.

   *(2.) Argument that Res Judicata Bars Plaintiffs' Constitutional Claims and Claims for Ejectment*

Defendants claim that *Jennings v. Caddo Parish School Bd.*, 531 F.2d 1331 (5th Cir. 1976), does not prevent the application of res judicata and that Plaintiffs' constitutional and ejectment claims are barred by res judicata.  Defendants argue that the earlier actions and present cause of action are the same

because the present cause of action arises out of the same nucleus of operative facts and is based on the same factual predicate.  The Court will first determine whether *Jennings* prevents the application of res judicata.  If res judicata applies under *Jennings*, the Court will determine whether the elements of the doctrine have been satisfied from the face of the Amended Complaint.

In *Jennings*, the plaintiff argued that she was forced to bring her constitutional claims in state court rather than to proceed directly to federal court to avoid sacrificing judicial review of the defendant school board's decision under Louisiana statutes.  531 F.2d at 1332.  The Fifth Circuit explained that if the plaintiff wished to reserve her constitutional claims for subsequent litigation in federal court, she could have done so by reserving such right at the state court.  *Id.*  Thus, *Jennings* stands for the proposition that a plaintiff must preserve her right to pursue a constitutional claim in federal court by reserving such  right on the state court record.  *Saboff v. St. John's River Water Mgmt. Dist.*, 200 F.3d 1356, 1360 (11th Cir. 2000) (explaining that *Jennings* and *Fields v. Sarasota Manatee Airport Authority*, 953 F.2d 1299 (11th Cir. 1992) make clear "that a *Jennings* reservation, as an exception to the well-settled doctrine of res judicata, must be set forth clearly, on the record, and at the outset of the state court claim").

In the instant case, Plaintiffs' *Jennings* reservation was not done at the outset of the state court claim but was done in an attempt to vacate the eviction judgment.  (Doc. No. 22, filed on January 13, 2005, p. 4).  Because the *Jennings* reservation was not set forth clearly on the record at the outset of the state court claim, the application of res judicata is not precluded in this case.  *See Saboff*, 200 F.3d at 1360.

Defendants seek to apply the doctrine of res judicata to the ejectment and constitutional claims of the Amended Complaint based on the findings of the state trial court and federal Bankruptcy Court.  The Court must determine if these principles of law may be applied at the motion to dismiss stage of the proceedings.  In *Concordio v. Bendekovic*, 693 F.2d 1073, 1075-76 (11th Cir. 1982), the Eleventh Circuit

explained the difference between a Rule 12(b) dismissal motion and a Rule 56 motion for summary judgment based on res judicata.  In that case, the plaintiff filed an action in federal court alleging that the defendant police officer beat the plaintiff unnecessarily causing injury.  *Id.* at 1074.  The defendants filed a Rule 12(b)(6) motion to dismiss, claiming that the doctrine of collateral estoppel barred the plaintiff's suit.  *Id.*  In support of their motion, the defendants averred that the plaintiff had initiated a counterclaim against the defendant officer and the city alleging that the officer was liable for assault and battery.  *Id.*  The defendants attached an exhibit consisting of an answer and counterclaim by the plaintiff in state court which alleged that the defendant officer assaulted the plaintiff.  *Id.*  The defendants also included a true copy of the final judgment granting the police officer $96.50 in compensatory damages and $1.00 in punitive damages against the plaintiff and denying the plaintiff relief on his counterclaim.  *Id.*  The federal trial court judge dismissed the action on the basis of collateral estoppel, and the Eleventh Circuit reversed, reasoning that the evidence submitted by the defendants did not indicate that the issue was actually litigated or that there had been a final judgment on the merits in the state proceeding and explaining that additional evidence such as a copy of the state trial court's records was necessary in order to apply the doctrine of res judicata in the context of either a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment pursuant to Rule 56.  *Id.* at 1076.  The appellate court found that a defendant may raise a res judicata defense by a Rule 12(b) motion "where the defense's existence can be judged on the face of the complaint."  *Id.* at 1075 (internal citations omitted).  At the summary judgment stage, a party may raise the res judicata defense by introducing sufficient information into the record to allow the judge to determine the validity of the defense.  *Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983) (citing *Concordio*, 693 F.2d at 1075).

While Defendants have submitted orders from the state courts and federal Bankruptcy Court in

support of their res judicata argument, it cannot be said from the face of the Amended Complaint that the defense of res judicata can be applied to bar the constitutional and ejectment claims.  Thus, the Motion to Dismiss the constitutional and ejectment claims on the basis of res judicata is denied.[2]

### (3.) Argument that Plaintiffs have failed to State a Claim under 42 U.S.C. section 1983

Defendants argue that in order to state a claim under 42 U.S.C. section 1983, Plaintiffs must allege a constitutional violation and further that due process is provided in an eviction proceeding when notice and an opportunity to be heard have been given.  Defendants claim that the litigation history reflects  there is no question that Plaintiffs had ample notice and numerous opportunities to be heard with respect to the termination of the lease and subsequent eviction.

Defendants' argument urges the Court to go beyond the pleadings.  Such arguments are appropriate at the summary judgment stage but not at the motion to dismiss stage.  The section 1983 claim in the Amended Complaint cannot be dismissed on the basis that the litigation history reflects that Plaintiffs have been given numerous opportunities to be heard.

Defendants also argue that Plaintiffs must demonstrate that they have been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law.  Defendants claim that Plaintiffs have failed to allege that Defendants were acting under color of state law.

In order to state a claim under section 1983, Plaintiffs must show that the deprivation was caused by a person acting under color of state law.  *Paisley v. Vitale*, 807 F.2d 889, 892 (11th Cir. 1986) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1981); *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).  The statutory requirement of action "under color of state law" and the "state action" requirement

---

[2] There is a Motion for Summary Judgment pending in this case at Docket Number 35.

of the Fourteenth Amendment are identical.  *Lugar*, 457 U.S. at 929.

In the instant case, the Amended Complaint alleges that the Port Authority "is not the State of Florida, an agency of the state, nor a political subdivision, but merely a public marine terminal operator" and that the Port Authority is a "local government."  (Doc. No. 20, ¶¶ 6, 27).  Because the Court draws all reasonable inferences in favor of Plaintiffs, the Court finds that Plaintiffs have alleged the state action requirement with respect to the Port Authority.

Regarding the remaining Defendants, the Amended Complaint alleges that they are sued as employees of the Port Authority.  (Doc. No. 20, ¶ 7).  Thus, Plaintiffs have met the state action requirement with respect to the remaining Defendants.

### *(4.) Argument that the Section 1983 Claim is Barred by the Doctrine of Sovereign Immunity*

Finally, Defendants contend that even if Plaintiffs could demonstrate that a constitutional violation occurred, Plaintiffs cannot demonstrate that any Defendant violated a "clearly established right."

Qualified immunity offers state actors complete protection against suits if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity allows government officials to carry out their duties without fear of liability or litigation, "protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

To receive qualified immunity, the public official must first demonstrate that he was acting within the scope of his discretionary authority when the wrongful acts occurred.  *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).  Once this is established, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate.  *Id.*  The first step of this inquiry requires the Court to determine

whether the plaintiff's allegations, if true, establish a constitutional violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2002).

In the instant case, Plaintiffs have alleged that Defendants charged them illegal taxes, filed unnecessary pleadings in state and federal court, filed a notice of removal and a summary judgment motion, wrongfully removed a case from federal to state court without obtaining a remand, wrongfully terminated a lease, and retained personal property to which Plaintiffs were entitled pursuant to the terms of a lease.  While many of these allegations are nonsensical, incomprehensible, and would not state a claim for relief under section 1983, Plaintiffs' allegations that Defendants wrongfully terminated their lease and unlawfully seized their property without due process demonstrate a violation of Plaintiffs' rights to be free from the unreasonable seizure of their personal property in violation of the Fourth Amendment and a violation of Plaintiffs' due process rights.

The second step of the inquiry requires the Court to determine whether the right was clearly established.  *Id.* at 121.  In *Saucier v. Katz*, the Supreme Court stated that the relevant query is whether it "would be *clear* to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202 (emphasis added).  In *Hope v. Pelzer*, 536 U.S. 730, 741 (2002), the Supreme Court refined the *Saucier* query, holding that the "salient question ...is whether the state of the law...gave [the officers] fair warning that their alleged treatment [of the plaintiff] was unconstitutional."  (emphasis added).  The *Hope* Court emphasized that officers sued in a section 1983 action have a "*right to fair notice*."  *Id.* at 739 (emphasis added).

Fair notice can be given in three ways.  *Vinyard*, 311 F.3d at 1350-53.  First, the words of the federal statute or federal constitutional provision may be specific enough to establish clearly the law applicable to particular conduct and circumstances to overcome qualified immunity.  *Id.* at 1350.  Second,

if the conduct is not so egregious as to violate the plain language of a statute or constitutional provision on its face, then the Court turns to case law. *Id.* at 1351. Broad principles may not be tied to particular facts and can clearly establish law applicable in the future to different sets of detailed facts. *Id.* If a case determined that a particular type of conduct was unconstitutional without linking that conduct to a specific set of facts, the decision as to that conduct clearly establishes a constitutional principle. *Id.* In the absence of fact-specific case law, the plaintiff may defeat the qualified immunity defense when the general principle applies with obvious clarity to the specific conduct in question, and it must have been obvious to a reasonable police officer that the pertinent conduct given the circumstances was unconstitutional at the time. *Id.* at 1352. (internal citation and quotations omitted).

If there is no case law with a broad holding that is not tied to a particular set of facts, then the Court examines precedent that is tied to the facts. *Id.* at 1351. Most judicial precedents are tied to particular sets of facts and fall into this category. *Id.* at 1351-52.

The Court's independent research reveals no case with facts materially similar to the allegations of the Amended Complaint in the case at hand. Considering Plaintiffs' allegations, no factually particularized, preexisting case law was necessary for it to be obvious to an objectively reasonable government official facing the circumstances faced by Defendant commissioners that their conduct violated Plaintiffs' rights. Therefore, the Motion to Dismiss Count I on the grounds of qualified immunity is denied.

### (5.) *Argument that Plaintiffs cannot State a Claim for Relief from Conspiracy to Commit Fraud or Fraud*

Counts II and III of the Amended Complaint claim conspiracy to commit bankruptcy fraud and

fraud. Count II, the conspiracy to commit bankruptcy fraud claim, is based on Defendants' alleged false statements to the federal Bankruptcy Court which Plaintiffs allege Defendants knew were false because Defendants lost their Motion for Summary Judgment in that court. Defendants allegedly obtained Cascella's property by making false statements and writings to Cascella and the federal court that rent was due. In Count III, all the previous paragraphs of the Amended Complaint are realleged, and it is claimed that Defendants committed fraudulent acts with malice and willfulness. The Amended Complaint does not specifically identify the acts. The Amended Complaint also alleges that Defendants knew that Cascella had a buyer for his leasehold interest. The essence of the claims in Counts II and III relates to statements and occurrences during the course of judicial proceedings in the state court and in the federal Bankruptcy Court.

Defendants argue that under Florida law these claims are barred by Florida's litigation privilege, that the allegations fail to meet the requirements of Rule 9(b), that the Amended Complaint failed to allege all the elements of fraud, and that the claim for fraud against the Port Authority is barred by the doctrine of sovereign immunity.

Under Federal Rule of Civil Procedure 60(b)(3), the Court may relieve a party from a final judgment for fraud, misrepresentation or other misconduct.[3] *See* FED. R. CIV. P. 60(b)(3). However, the Bankruptcy Court and state trial court are the appropriate forums to handle these claims because those

---

[3] Rule 1 states that the Federal Rules of Civil Procedure govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases in law or in equity with the exceptions stated in Rule 81. FED. R. CIV. P. 1. Rule 81(a) states that the Federal Rules of Civil Procedure apply to proceedings in bankruptcy to the extent provided by the Federal Rules of Bankruptcy Procedure. FED. R. CIV. P. 81(a)(1). According to Federal Rule of Bankruptcy Procedure 9024, Rule 60 applies to cases under the Bankruptcy Code. FED. R. BANKR. P. 9024.

courts handled the earlier cases.  Under Rule 60(b), a party must seek relief from the court that rendered the judgment.  *See Bankers Mortg. Co. v. U.S.*, 423 F.2d 73, 78 (5th Cir. 1970) ("[o]bviously a 60(b) motion addressed to a United States District Court is not the proper vehicle for securing relief from a decision of the Tax Court."); *see also Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) (explaining that a Rule 60(b) motion "is generally brought in the district court rendering judgment").  Because Plaintiffs are requesting that the state court and Bankruptcy Court orders be set aside on the grounds of fraud, those courts are the proper forum in which to assert these claims and to determine if there has been fraud, attempted fraud, or false statements in the proceedings before them.[4]  Therefore, the Court grants the Motion to Dismiss as to Counts II and III of the Amended Complaint.

### *(6.) Argument that Plaintiffs are unable to State a Claim for Relief for Contempt of Court*

In Count IV of the Amended Complaint, it is alleged that the Port Authority and its attorney, Harold Bistline, are in "contempt of court when they violated 28 sec. 1446(d) and took further action of the removed case in State Court by a verified motion for eviction."  (Doc. No. 20, ¶ 9).  Plaintiffs claim that the Port Authority and Bistline did not file a new state case, but violated 28 U.S.C. section 1446(d) by litigating the removed case in state court in contempt of Judge Briskman's Bankruptcy Order denying eviction.[5]

The court that issued the order, in this case the Bankruptcy Court, is the appropriate forum for determining whether Defendants violated Judge Briskman's Order.  *Lubrizol Corp. v. Exxon Corp.*, 871

---

[4] The Court is not holding that Federal Rule of Civil Procedure 60(b) applies to the state trial court.

[5] The Court takes judicial notice that there was an appeal of the proceeding in the Bankruptcy Court to the District Court (Case Number 6:01cv558) and the District Court was affirmed by the Eleventh Circuit (Case Number 03-10189).

F.2d 1279, 1290 (5th Cir. 1989) ("It is the Court whose judgment or order has been defied which must try the contempt and pronounce judgment.") (internal citation omitted).

Because the Bankruptcy Court is the appropriate forum for considering the issues arising out of this claim, the Court grants the Motion to Dismiss the civil contempt claim.

### (7.) Argument that Plaintiffs cannot State a Claim for Replevin, Ejectment, and Conversion

Defendants argue that Plaintiffs' claims for replevin, ejectment, and conversion must also be dismissed because Plaintiffs have no legal right to the property.

In order to maintain an action for replevin, ejectment, and conversion, the party seeking relief must have a legal right to the property that is being detained or occupied by another. *Baldwin Sod Farms, Inc. v. Corrigan*, 746 So.2d 1198, 1205 (Fla. 4th DCA 1999) (explaining that a plaintiff may use an ejectment suit to evict a party that is wrongfully in possession of the plaintiff's property); *Seymour v. Adams*, 638 So.2d 1044, 1047 (Fla. 5th DCA 1994) ("conversion may occur where a person wrongfully refuses to relinquish property to which another has the right of possession."); *see* FLA. STAT. § 78.01 (2004) ("[a]ny person whose personal property is wrongfully detained by any other person or officer may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention").

The claims for replevin, ejectment, and conversion in the Amended Complaint focus not only on the real property but also on Plaintiffs' personal property. While Defendants urge the Court to find that Defendants' action of taking possession of Plaintiffs' personal property was permissible under the lease, consideration of such matters would force the Court to go beyond the pleadings as would consideration of whether Plaintiffs have a legal right to the property. Because Defendants' argument would require the Court to go beyond the pleadings, the Motion to Dismiss the claims of replevin, conversion, and ejectment

on the grounds that Plaintiffs do not have a legal right in the property is denied.  The matter is more

properly presented on motion for summary judgment.[6]

### Conclusion

1.    The Court **DENIES** the Motion of Plaintiffs Roland Carlson and Manos, Inc. to Join

their Amended Complaint with Pro Se Plaintiff Cascella's Amended Complaint (Doc.

No. 30) and orders that the Amended Complaint at Docket Number 29 be stricken from

the record as an unauthorized pleading.

2.    Defendants' Motion to Dismiss the Original Complaint (Doc. No. 13) is **DENIED** as

moot.

3.    Defendants' Motion to Dismiss the Amended Complaint of Manos, Inc. and Carlson

(Doc. No. 33) is **DENIED** as moot.

4.    The Court **GRANTS** Defendants' Motion to Dismiss (Doc. No. 25) with respect to

Counts I, II, III, and IV of the Amended Complaint at Docket Number 20 and **DENIES**

---

[6] While the Court has stricken Docket Number 29 from the record, pleading problems are presented in that complaint that the Court will briefly address in the event that an additional amended complaint is filed.  In Docket Number 29, Manos, Inc. and Carlson have failed to allege compliance with the notice requirements of Florida Statutes Section 772.11 regarding their claim for civil theft.  *See* FLA. STAT. § 772.11(1) (2005) ("[b]efore filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section.").

Furthermore, the Port Authority may not be liable for civil theft.  Under Florida Statutes Section 772.19, damages for civil theft are not recoverable against the state or its agencies, instrumentalities, subdivisions, or municipalities.  FLA. STAT. § 772.19 (2005); *see also Smith v. Bd. of Regents For and On Behalf of Florida A&M Univ.*, 701 So.2d 348, 349 (1st DCA 1997) (explaining that "the civil theft claims would be barred [] because the state has not waived its sovereign immunity with respect to willful and malicious acts"); *see also Springer v. Florida Dept. of Natural Resources*, 485 So.2d 15 (1986) (explaining that "[c]ount III of the counterclaim fails to state a cause of action either for civil theft or a RICO violation as, in our view, such claims cannot lie against the state or its subdivisions") (internal citations omitted).

the Motion to Dismiss as to all other counts.

5.      Cascella, Manos, Inc. and Carlson may file within 10 days from the date of this Order a

single complaint, signed by each individual Plaintiff or an attorney on behalf of each

individual Plaintiff and signed by the attorney for Manos, Inc., setting forth in a single

pleading that comports with this Order all causes of action arising from the same

transactions or occurrences which are the subject of their lawsuit.  On the failure of

Manos, Inc., Carlson, and Cascella to jointly file a single Amended Complaint as

ordered, the Amended Complaint of Cascella and Manos, Inc. at Docket Number 20

shall stand as the complaint in this case, and Carlson, who failed to comply with the

Order at Docket Number 24, shall be dropped as a party to this case.

6.      Plaintiffs are further admonished not to present claims that are unwarranted by existing

law or by nonfrivolous argument or claims that lack evidentiary support.  Plaintiffs

must comply with Federal Rule of Civil Procedure 11, or they and/or their attorney(s)

may be subject to sanctions.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August _31___, 2005.

_____

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Parties
Counsel of Record

-19-