UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYMOND J. CASCELLA, MANOS, INC.,**
a Florida corporation, and **ROLAND CARLSON**

                      **Plaintiffs,**

-vs-                                                         Case No. 6:04-cv-1822-Orl-19DAB

**CANAVERAL PORT DISTRICT d/b/a CANAVERAL PORT AUTHORITY as provided by Florida Senate Bill No. 3040, CHAPTER 95-465, LAWS OF FLORIDA, Commissioners RODNEY S. KETCHAM, RAYMOND P. SHARKEY, DONALD N. MOLITOR, RALPH J. KENNEDY, JOE D. MATHENY in their individual and official capacities, HAROLD T. BISTLINE, Florida Bar. No. 0337218, and WILLIAM P. BANCROFT, employees, official capacity and individual capacity, singly, jointly and severally,**

                      **Defendants.**
_____

# ORDER

    This case comes before the Court on the following:

1.    The Motion for Summary Judgment of Plaintiffs Raymond J. Cascella, Manos, Inc., and Roland Carlson. (Doc. No. 35, filed on January 28, 2005);

2.    Defendant Canaveral Port District's Response to Plaintiffs' Motion for Summary Judgment. (Doc. No. 41, filed on February 14, 2005);

    3.    Plaintiff Raymond J. Cascella's Request for Oral Argument to Aid His Motion for Summary Judgment and to Oppose Defendants' Response to His Motion for Summary Judgment. (Doc. No. 40, filed on February 14, 2005); and

    4.    The Reply of Plaintiffs Raymond J. Cascella, Manos, Inc., and Roland Carlson to Defendant Canaveral Port District's Response to Plaintiffs' Motion for Summary Judgment. (Doc. No. 43, filed on February 24, 2005).

**Background**

Raymond Cascella alleges that he owns a building on land that he leases from the Canaveral Port District d/b/a Canaveral Port Authority ("Port Authority"). (Doc. No. 57, "Amended Complaint," ¶ 10). Manos, Inc. and Roland Carlson are Cascella's subtenants. (*Id.* at ¶¶ 11, 12).

On September 7, 2005, Cascella, Manos, Inc., and Carlson filed an Amended Complaint containing four counts against Defendants Port Authority, Commissioners Rodney S. Ketcham, Raymond P. Sharkey, Donald M. Molitor, Ralph J. Kennedy, and Joe D. Matheny, attorney Harold T. Bistline, and William P. Bancroft. (Doc. No. 57). In Count I, Plaintiffs allege that Defendants filed a claim in Brevard County Circuit Court, that a suggestion of bankruptcy was filed in that case, that Defendant removed the case to federal Bankruptcy Court, that Defendants filed a Motion for Summary Judgment in Bankruptcy Court that was denied, and that Defendants moved for eviction in the state court in violation of 28 U.S.C. Sections 1446(d), 1447, and 1452. (*Id.* at ¶¶ 14, 15, 16, 17, 18, 19, 20). Plaintiffs further claim that Defendant commissioners had personal involvement in the unconstitutional conduct of their subordinates by denying equal protection of federal law based on the removal of the state case to the Bankruptcy Court and by obtaining an illegal writ for eviction in violation of 42 U.S.C. section 1983. (*Id.* at ¶¶ 24, 25). Plaintiffs also allege that Defendants intentionally deprived

them of their right to be free from unreasonable seizures in violation of the Fourth and Fourteenth Amendments. (*Id.* at ¶ 25). Counts II, III, and IV are claims for replevin, ejectment, and conversion respectively against the Port Authority.

On January 28, 2005, Plaintiffs Raymond J. Cascella, Manos, Inc., and Roland Carlson filed a Motion for Summary Judgment. (Doc. No. 35). Plaintiffs seek summary judgment on their section 1983 claim and their claim for ejectment. Plaintiffs argue that Defendants violated 42 U.S.C. section 1983 by litigating the case in state court after the Bankruptcy Court denied the Port Authority's Motion for Summary Judgment. Plaintiffs also seek summary judgment on Cascella's earlier alleged claims for conspiracy to commit bankruptcy fraud and fraud. The affidavits of Raymond Cascella, Richard Dempsey, and Roland Carlson were submitted in support of Plaintiffs' Motion for Summary Judgment.

On February 14, 2005, Defendant Canaveral Port Authority filed a response to Plaintiffs' Motion for Summary Judgment, arguing that the state court judgments were valid because the courts had personal and subject matter jurisdiction, that Plaintiffs are barred by the doctrine of res judicata from collaterally attacking the state court's jurisdiction in the eviction proceedings, that res judicata bars Plaintiffs' claims under section 1983 and for ejectment, and that the terms of the lease deprive Plaintiffs of a cause of action for ejectment.

On February 17, 2005, without leave of Court and in violation of Local Rule 3.01(b), Plaintiffs filed a reply to Defendant's response.[1] (Doc. No. 43). The issues addressed in Plaintiffs' motion and Defendant's response do not warrant the filing of a reply brief. The unauthorized reply shall be

---

[1] Local Rule 3.01(b) states: "Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested. No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court."

stricken by the Clerk.

This Order analyzes Plaintiffs' Motion for Summary Judgment.

**Standard of Review**

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden of proof, the Court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the Court must not grant summary judgment. Id. (citation omitted)

**Analysis**

Plaintiffs' claim under Count I of the Amended Complaint focuses on the allegedly unconstitutional jurisdiction that the state trial court exercised in issuing the final judgment of eviction. Plaintiffs based this contention on the contention that Defendants violated 28 U.S.C. sections 1446(d), 1452, and 1447 by litigating this case in the state court after the Bankruptcy Court denied the Port

Authority's Motion for Summary Judgment.  Plaintiffs also allege that Defendants' actions violated their rights under the equal protection clause and violated the Fourth and Fourteenth Amendments to the Constitution.  Thus, Count I can be broken into several distinct parts.

Because Plaintiffs have moved for summary judgment, Plaintiffs bear the burden of showing the absence of a genuine issue of material fact.  Plaintiffs cite a panoply of cases in support of their argument that they are entitled to summary judgment on the constitutional claim in Count I and on the ejectment claim in Count III on the grounds that Defendants subverted the federal removal statutes and usurped federal court jurisdiction.  Not one of these cases, however, provides a basis for granting Plaintiffs' summary judgment motion.  The cases do not stand for the proposition that 28 U.S.C. sections 1446, 1447, or 1452 create a private right of action, which if violated, supports a claim for relief under 42 U.S.C. section 1983.  Furthermore, Plaintiffs' Motion for Summary Judgment fails to show the absence of a genuine issue of material fact on the other issues raised in Count I relating to Defendants' alleged violation of the equal protection clause and the Fourth and Fourteenth Amendments to the Constitution.  Nor have Plaintiffs demonstrated the absence of a genuine issue of material fact on the ejectment claim.  Plaintiffs' affidavits submitted in support of the Motion for Summary Judgment are lacking in factual support and contain a significant amount of conclusory language.  The affidavits do not show entitlement of Plaintiffs to summary judgment.

Plaintiffs also seek summary judgment on Cascella's earlier alleged claims for conspiracy to commit bankruptcy fraud and fraud.  Because the Court previously dismissed these claims, Plaintiffs' Motion for Summary Judgment on the earlier pleaded claims for conspiracy to commit bankruptcy fraud and fraud is denied.  (Doc. No. 53, filed on August 31, 2005).

Further, Defendant Port Authority's response to Plaintiffs' Motion for Summary Judgment

raises a number of legal arguments regarding the jurisdiction of the state courts and the doctrine of res judicata which preclude the entry of summary judgment in favor of Plaintiffs. While Defendant did not ask for summary judgment in its favor in its response to Plaintiffs' Motion for Summary Judgment, nor did it ask the Court to take judicial notice of the proceedings in other courts, these arguments raise serious concerns about the viability of Plaintiff's claims and may be further developed on an appropriate motion for summary judgment or other procedure[2] with reference to the record, proper citation to authority, and request for judicial notice.[3]

Because the affidavits and arguments submitted by Plaintiffs fail to show entitlement to summary judgment, and in addition because the Defendant has raised issues of law which on appropriate consideration by motion for summary judgment or other procedure may preclude judgment in favor of Plaintiffs as a matter of law, Plaintiffs' Motion for Summary Judgment is denied.

## Conclusion

Based on the foregoing, the Court rules as follows:

1. The Motion for Summary Judgment of Plaintiffs Raymond J. Cascella, Manos, Inc., and Roland Carlson is **DENIED**. (Doc. No. 35).

2. The Clerk shall strike Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment from the record as an unauthorized pleading. (Doc. No. 43).

3. Plaintiff Raymond J. Cascella's Request for Oral Argument to Aid His Motion for Summary Judgment and to Oppose Defendants' Response to His Motion for Summary

---

[2] On September 15, 2005, Defendants Port Authority, Rodney S. Ketcham, Raymond P. Sharkey, Donald M. Molitor, Ralph J. Kennedy, Joe D. Matheny, Harold T. Bistline, and William P. Bancroft filed a Motion for Summary Judgment. (Doc. No. 63).

[3] See Federal Rule of Evidence 201.

Judgment is **DENIED**.  (Doc. No. 40).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September _21___, 2005.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:

Unrepresented Parties
Counsel of Record