**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYMOND J. CASCELLA, et al.,**

      **Plaintiffs,**

**-vs-**                                                **Case No. 6:04-cv-1822-Orl-19DAB**

**CANAVERAL PORT DISTRICT, et al.,**

      **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **MOTION TO STRIKE EXPERT REPORT (Doc. No. 62)**
>
> **FILED:**   **September 15, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendants move to strike the opinion and report of Licensed Real Estate Broker Charles D. Eaton, based on noncompliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B), the Court's Case Management and Scheduling Order, and the Federal Rules of Evidence, as interpreted in *Daubert* and its progeny.  Mr. Eaton's expert report, a scant six sentences long, merely consists of a "ball park" estimate as to the reproduction cost of a "two story metal structure on a 150' x 60' concrete slab, with modest interior improvements." (Report of Charles D. Eaton, attached as Exhibit to motion).  This report, even with the additional information provided in

Plaintiff's response (Doc. No. 69), does not meet the requirements of the Rules or this Court's Order, and is therefore properly **stricken.**

As pointed out by Defendants, the Federal Rules and the Court's Case Management Order require a fairly detailed disclosure of not only the expert's opinion, but his or her qualifications, prior experience, and, most importantly, the basis and reasons for the opinion, including the data or other information considered by the expert in formulating the opinion. *See* Fed. R. Civ. P. 26(a)(2)(B). This letter does not meet that standard as it contains no such information.

Additionally, the opinion does not present a sufficient evidentiary basis to warrant its admissibility. The Eleventh Circuit Court recently summarized the standards applicable to the evaluation of proffered expert testimony, following the seminal case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). In *Rink v. Cheminova, Inc.*, 400 F. 3d 1286, 1291-2 (11th Cir. 2005), the Court stated:

> The admission of expert evidence is governed by Federal Rule of Evidence 702[1], as explained by *Daubert* and its progeny. Under Rule 702 and *Daubert*, district courts must act as "gatekeepers" which admit expert testimony only if it is both reliable and relevant. See *Daubert*, 509 U.S. at 589, 113 S.Ct. at 2795. District courts are charged with this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury" under the mantle of reliability that accompanies the appellation "expert testimony." *McCorvey*, 298 F.3d at 1256. To fulfil their obligation under *Daubert,* district courts must engage in a rigorous inquiry to determine whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; 2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical,

---

[1] Rule 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

> or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chems., Inc.,* 158 F.3d 548, 562 (11th Cir.1998) (footnote omitted). The party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence. See *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir.1999).
>
> In ascertaining reliability under the second *Daubert* prong, we have identified several factors which can be considered: (1) whether the expert's methodology can be tested; (2) whether the expert's scientific technique has been subjected to peer review and publication; (3) whether the method has a known rate of error; (4) whether the technique is generally accepted by the scientific community. *Quiet Tech. DC-8, Inc*., 326 F.3d at 1341. This list of factors, however, "do[es] not exhaust the universe of considerations that may bear on ... reliability." *Id.; see also Kumho Tire Co.*, 526 U.S. at 150, 119 S.Ct. at 1175 ("*Daubert* makes clear that the factors it mentions do not constitute a 'definitive checklist or test.' ") (citation omitted); *Daubert*, 509 U.S. at 594, 113 S.Ct. at 2797 (noting that the Rule 702 inquiry is "a flexible one"). District courts "have substantial discretion in deciding how to test an expert's reliability ...." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir.1999) (internal citation omitted).

400 F.3d 1286, 1291 to 1292.

As is clear here, while the subject matter of the opinion is relevant, the reliability of the opinion has not been established. It appears from the Plaintiff's response that Mr. Eaton's opinion on the costs to reproduce a structure is based solely on prices advertised on the Internet by a builder of commercial steel buildings. Mr. Eaton states that he is a real estate broker, not a builder or distributor of commercial steel products. There is no evidence that Mr. Eaton is a general contractor, or is otherwise skilled in providing construction estimates. As such, it has not been established that he has any specialized knowledge (as opposed to knowledge anyone can acquire by looking up prices advertised on the Internet) regarding costs to *build* such a structure, as opposed to valuation of already built property. Plaintiff has therefore not established that "the expert is qualified to testify competently regarding the matters he intends to address."

Moreover, Mr. Eaton's methodology is not scientific or otherwise reliable. It appears that Mr. Eaton simply selected unidentified materials from advertised prices on the Internet and multiplied the cost by the square footage of the slab to arrive at his opinion as to reproduction costs. There is no representation that the figure arrived at is in any way an accurate reflection of true costs to reproduce the building. Indeed, Mr. Eaton admits this himself, noting that "the extent of the amenities and finished interior is difficult to estimate" and "a general "ball park" figure is all that I can offer." (Doc. No. 62 - Exhibit).

Absent a qualified expert and reliable methodology, the report is inadmissible.[2]

> **MOTION:**   **MOTION TO COMPEL DISCOVERY (Doc. No. 70)**
>
> **FILED:**   **September 20, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as untimely. Discovery closed September 1, 2005. Moreover, the subpoena purports to be a trial subpoena and also a deposition subpoena. This ambiguity renders it unenforceable. Finally, the subpoena does not comply with Rule 30(b)(6), Fed. R. Civ. P., to the extent Plaintiff seeks to depose a public organization, as opposed to an individual.

**DONE** and **ORDERED** in Orlando, Florida on September 21, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court denies Plaintiff's request for additional time to comply with the Rules regarding expert witnesses. The asserted basis for the request is that "the building is gone without a trace except the slab which verifies a building was there." (Doc. No. 69). The Court does not see how granting Plaintiff additional time will change that state of affairs. Moreover, additional time will not rectify the fatal flaws in Mr. Eaton's unsupported and unsupportable opinions.