UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYMOND J. CASCELLA, MANOS, INC.,**
a Florida corporation, and **ROLAND**
**CARLSON**

        **Plaintiffs,**

-vs-                Case No.  6:04-cv-1822-Orl-19DAB

**CANAVERAL PORT DISTRICT d/b/a**
**CANAVERAL PORT AUTHORITY as**
**provided by Florida Senate Bill No. 3040,**
**CHAPTER 95-465, LAWS OF FLORIDA,**
**Commissioners RODNEY S. KETCHAM,**
**RAYMOND P. SHARKEY, DONALD N.**
**MOLITOR, RALPH J. KENNEDY, JOE D.**
**MATHENY in their individual and official**
**capacities, HAROLD T. BISTLINE, Florida**
**Bar. No. 0337218, and WILLIAM P.**
**BANCROFT, employees, official capacity**
**and individual capacity, singly, jointly and**
**severally,**

        **Defendants.**
_____

## ORDER

  This case comes before the Court on Plaintiff Raymond J. Cascella's Motion to Vacate the Court's Order on Entitlement to Attorneys' Fees and Costs  (Doc. No. 113, filed on January 31, 2006) and Defendants' Response to Plaintiff's Motion to Vacate the Court's Order on Entitlement to Attorneys' Fees and Costs (Doc. No. 114, filed on February 8 2006).

  On January 10, 2006, the Court granted in part and denied in part Defendants' Motion to Determine Entitlement to Attorneys' Fees and Costs.  (Doc. No. 107).  The Court found that

Defendants are entitled to attorneys' fees and costs from Cascella for certain claims based on a provision in the lease agreement which provides a shifting of attorneys' fees and costs if litigation ensued to determine rights and liabilities under the lease agreement. (*Id.* at 11-12).

In his Motion to Vacate the Court's Order on Entitlement to Attorneys' Fees and Costs, Cascella argues that Defendants did not attach the lease agreement and that the lease agreement is not part of the record. (Doc. No. 113, p. 2).

Contrary to Cascella's assertion, the record reflects that the lease agreement is part of the record at Docket Number 26, Exhibit A as an attachment to Defendants' Motion to Dismiss the Amended Complaint. The lease agreement is self-authenticating because it was signed by Cascella and the Chairman and Secretary of the Canaveral Port Authority and acknowledged by a notary. (Doc. No. 26, Ex. A, p. 15); *See* FED. R. EVID. 902(8) ("Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.").[1] The record further reflects that the lease agreement was incorporated by reference into Defendants' Motion for Summary Judgment and Motion to Determine Entitlement to Attorneys' Fees and Costs. (Doc. No. 63, filed on September 15, 2005, p. 2); (Doc. No. 92, filed on November 29, 2005, p. 8). In his response to both of these motions, Cascella does not challenge the authenticity of the lease agreement. (*See* Doc. No. 86, filed on October 18, 2005) (*See* Doc. No. 101, filed on December 13, 2005). Because the record reflects that the lease

---

[1] While the lease agreement is a copy of the original, the Federal Rules of Evidence provide that a copy is admissible to the same extent as an original unless a genuine question is raised as to the authenticity of the original or in the circumstances it would be unfair to admit the duplicate in lieu of the original. FED. R. EVID. 1003. In the instant case, Cascella argues that the lease agreement is not part of the record and does not challenge the authenticity of the lease agreement.

agreement is part of the record, is self-authenticating, and is incorporated by reference into Defendants' Motion for Summary Judgment and Motion to Determine Entitlement to Attorneys' Fees and Costs, the Court finds that Cascella's argument is without merit and **DENIES** his Motion to Vacate the Court's Order on Entitlement to Attorneys' Fees and Costs. (Doc. No. 113).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February __9,____ 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party
Counsel of Record