# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAYMOND J. CASCELLA, et al.,**

      **Plaintiffs,**

**-vs-**                                      **Case No.  6:04-cv-1822-Orl-19DAB**

**CANAVERAL PORT DISTRICT, et al.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following an evidentiary hearing and oral argument on the motions filed herein:

> **MOTION:**    **RENEWED MOTION FOR ATTORNEY FEES (Doc. No. 122)**
>
> **FILED:**      **February 21, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

> **MOTION:**    **MOTION FOR PROTECTIVE ORDER/MOTION TO QUASH (Doc. No. 134)**
>
> **FILED:**      **May 10, 2007**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** and the subpoena is **quashed**. As stated at hearing, the subpoena was not issued by the Court and is therefore not in compliance with Rule 45.

As set forth previously by the Court, following entry of summary judgment in favor of Defendants and a notice of appeal by Plaintiffs, the District Court granted in part and denied in part Defendants' motion to determine entitlement to attorneys' fees and costs (Doc. No. 107). The Court found that Defendants are entitled to attorneys' fees and costs from Plaintiff Raymond J. Cascella (herein "Plaintiff [1]) for certain claims based on a provision in the Lease Agreement which provides a shifting of attorneys' fees and costs if litigation ensued to determine rights and liabilities under the Lease (*Id*. at 11-12; see also Doc. No 115). Defendants then moved for an award of fees and costs (Doc. No. 108). Plaintiff Cascella opposed the motion, and moved for discovery and an evidentiary hearing on the issue (Doc. No. 112). The Court denied both motions, without prejudice to renewal, due to the pendency of the appeal (Doc. No. 119).

The Eleventh Circuit subsequently affirmed the District Court (Doc. No. 121), and Defendants renewed their motion for attorneys' fees, without providing any itemization of the fees sought (Doc. No. 122). In response, Plaintiff renewed his request for evidentiary hearing and discovery (Doc. No. 123). The Court deferred ruling, and ordered counsel to file a verified itemization of the time claimed (by billing records or otherwise) (Doc. No. 124). Counsel complied (Doc. No. 127), and Plaintiff objected to the amount sought (Doc. No. 128). Counsel responded to the objections (Doc. No. 129) and filed a Revised Affidavit (Doc. No. 130). Plaintiff again moved for evidentiary hearing and the Court scheduled same (Doc. No. 133).

At hearing, defense counsel tendered a new Revised Affidavit, withdrawing certain time entries, and revising the attorney's fees sought to a total amount of $27,874.00, calculated at the hourly rates of $180 per hour for lead counsel and $140 per hour for associate counsel. Counsel

---

[1]Although there are other Plaintiffs, this motion is directed solely to Plaintiff Cascella and thus, for present purposes, the Court uses "Cascella" and "Plaintiff" interchangeably.

testified as to the calculation and reasonableness of the work performed and rates charged, and Plaintiff testified as to his position that no fees are properly awarded as the case did not involve the Lease Agreement. The Court has heard argument, has reviewed the evidence, the filings of the parties, and the applicable law, and **respectfully recommends** that the motion for attorney's fees be **granted, in part** in the total amount of **$25,000.00.**

### *STANDARDS OF LAW*

The Court has already determined that Defendants are entitled to an award of attorney's fees with respect to certain claims (Doc. No. 107). In evaluating the appropriate amount of the award, the Court follows the familiar lodestar approach, and is guided by the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar

cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

### *ANALYSIS*

#### *Entitlement*

The Court previously ruled that "[b]ecause Cascella pursued litigation relating to the leased premises and was not the prevailing party, Defendants are entitled to attorneys' fees and costs from Cascella as to such [of] his claims, except for time spent by Defendants' counsel litigating the remand issue in all three complaints and the conspiracy to commit bankruptcy fraud, fraud, and contempt of court claims in the first complaint and the Amended Complaint." (Doc. No. 107). At evidentiary hearing, Plaintiff's sole argument was that the case was not about the Lease at all, and therefore, no attorney's fees are recoverable under the terms of the Lease. This position is without support.

As noted by the District Court, the relevant provision of the Lease Agreement states:

> Should either party commence an action against the other to enforce any obligation hereunder or for a determination of its rights or duties hereunder or in connection herewith or in any way relating to the leased premises, the prevailing party shall be entitled to recover a reasonable attorney's fee and all costs and expenses incurred in such action.

(Doc. No. 107 at p. 11, citing Doc. No. 26-2, "Lease Agreement," Lease Covenants and Restrictions, § 29, filed on January 19, 2005).

The District Court concluded that this provision "clearly imposes liability on Plaintiff Cascella for pursuing this litigation because several of his claims were directly related to the leased premises." (Doc. No. 107 at p. 11). Moreover, in affirming the District Court's rulings for Defendants on the merits of Plaintiff's claims, the Eleventh Circuit Court of Appeals, noting that the case arose after Cascella leased property from Canaveral Port Authority, quotes from and interprets several Lease

-4-

provisions (Doc. No. 121). Under these circumstances, Plaintiff cannot now attempt to recast all of his claims as being wholly extraneous to the Lease. Defendants are entitled to reasonable attorney's fees for certain claims, as allowed by the District Court.

### *Amount*

In the Revised Affidavit of Attorney's Fees tendered at the hearing (Defendants Exhibit 1), Defendants aver that the fees claimed on the billing summary attached "were fees charged [by defense counsel] to defend the action against Plaintiff Cascella, with the exception of those amounts charged for litigating the remand issue in the first Complaint, Amended Complaint, and "Single Amended Complaint" and the claims for conspiracy to commit bankruptcy fraud, fraud, and contempt of court in the first Complaint and the Amended Complaint." The Exhibit reflects additional write downs (in yellow highlighting) in the amount of $1,134.00, which would bring the total amount sought to $27,874.00, reflecting approximately 200 hours of legal work.

Plaintiff's objections to the itemization, set forth in previous papers (Doc. No. 128), are largely without merit. Although Plaintiff correctly notes that the action at some point involved three Plaintiffs, it does not necessarily follow that Plaintiff is therefore only liable for one-third the total fees. The Amended Complaint, for example, was filed solely on behalf of Cascella, and most of the time entries objected to (such as review of Cascella's Certificate of Interested Persons statement) relate to time that would have been incurred regardless of the addition of two other plaintiffs. Moreover, Plaintiff's citation to the "Florida Supreme Court Rule" with respect to costs is inapplicable here, both as this is a federal case which proceeds under the Federal Rules and because Defendants do not seek costs in this motion. The Court also rejects Plaintiff's contention of "re-billing," which the Court construes as an assertion that both counsel billed for the same work, as well

as Plaintiff's claim that contact with Defendant Bistline is not billable. A review of the itemization shows that counsel has been extremely conservative in billing, and a reasonable amount of time spent conferring with one's client (Mr. Bistline) is generally compensable.

Considering the amount of legal work involved, due in no small part to Plaintiff's litigious nature as reflected in the papers[2] and before this Court, the total amount of hours is generally in keeping with that considered reasonable. The Court does, however, slightly reduce the amount of hours to reflect that certain of the fees claimed were incurred in support of positions taken by Defendants that were unsuccessful (portions of the motion to dismiss the amended complaint, for example – *see* Doc. No. 53), and thus, did not serve to advance the defense. As Plaintiff does not object to the rates charged ($180.00 for lead counsel and $140.00 for associate counsel),[3] and, taking into account the *Johnson* factors, a reasonable attorney's fee for litigation of the Lease related claims is **$25,000.00**.

### *RECOMMENDATION*

It is **respectfully recommended** that the motion be **granted, in part** and that a judgment for Defendants' attorney's fees be entered in the amount of $25,000.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] The Eleventh Circuit Court noted that, in addition to his bankruptcy proceeding, "Cascella filed approximately seven actions with various state and federal courts raising issues related to the matters litigated in both the eviction and bankruptcy proceedings." (Doc. No. 121 at 4).

[3] Indeed, any such objection would be completely unfounded as the Court finds these rates to be exceptionally low for similar work in the community by attorneys similarly qualified.

Recommended in Orlando, Florida on May 16, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy