**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYMOND J. CASCELLA, et al.,**

        **Plaintiffs,**

**-vs-**                                           **Case No.  6:04-cv-1822-Orl-19DAB**

**CANAVERAL PORT DISTRICT, et al.,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1.     Report and Recommendation and Order of the United States Magistrate Judge (Doc. No. 138, filed May 16, 2007);

2.     Plaintiff Cascella's Written Objection to Honorable David Baker's Report and Recommendation and Order (Doc. No. 138) (Doc. No. 139, filed May 30, 2007); and

3.     Defendants' Response to Plaintiff Cascella's Written Objection to Honorable David Baker's Report and Recommendation and Order Regarding Attorney's Fees (Doc. No. 140, filed June 13, 2007).

### Background

The Court previously issued an Order granting Defendants' Motion for Summary Judgment, which was subsequently affirmed on appeal.  (Doc. Nos. 90, 106, 121).  After summary judgment was entered, Defendants filed a Motion to Determine Entitlement to Attorney's Fees and Costs. (Doc. No. 92).  The Court granted in part and denied in part Defendants' Motion, specifically holding that:

> Defendants are entitled to assert a claim for attorneys fees and costs against Plaintiff Raymond J. Cascella as to such Plaintiff's claims, except for those attorneys' fees and costs incurred in litigating the remand issue in the first complaint, Amended Complaint, and Single Amended Complaint and the claims for conspiracy to commit bankruptcy fraud, fraud, and contempt of court in the first complaint and the Amended Complaint.

(Doc. No. 107, p. 15).  Defendants filed a motion for fees and costs, which the Magistrate Judge denied without prejudice because the appeal remained pending at the time.  (Doc. Nos. 108, 119). After the Eleventh Circuit affirmed the summary judgment order, Defendants renewed their motion for fees and costs.  (Doc. Nos. 121, 122).  After multiple filings, the Magistrate Judge scheduled an evidentiary hearing on Defendants' motion.  (Doc. No. 133).  On May 16, 2007, the Magistrate Judge issued the underlying Report and Recommendation. (Doc. No. 138).  After hearing argument and reviewing the evidence and filings, the Magistrate Judge recommended that Defendants receive $25,000 in attorney's fees.  (*Id.* at pp. 3,6).

With respect to Defendants' entitlement to fees, the Magistrate Judge indicated that Plaintiff's sole argument was "that the case was not about the Lease at all, and therefore, no attorney's fees are recoverable under the terms of the Lease," was without support. (*Id.* at p. 4).  The Magistrate Judge relied on the Court's previous order holding that Defendants were entitled to fees. (*Id.* at pp. 4-5 (citing Doc. No. 107)).

At the hearing, Defendants submitted a Revised Affidavit detailing their attorney's fees. (Doc. No. 138, p. 5; Doc. No. 136-2).  According to the affidavit, Defendants' counsel spent approximately 200 hours and accrued $27,874.00, in order "to defend the action against Plaintiff Cascella, with the exception of those amounts charged for litigating the remand issue in the first Complaint, Amended Complaint, and Single Amended Complaint and the claims for conspiracy to commit bankruptcy fraud, fraud, and contempt of court in the first Complaint and the Amended

Complaint." (Doc. No. 138, p. 5 (quoting Doc. No. 136-2, ¶ 6)). The Magistrate Judge reasoned

that Plaintiff's objections were without merit. (Doc. No. 138, p. 5). After reviewing the itemization,

the Magistrate Judge found that "[c]onsidering the amount of legal work involved, due in no small

part to Plaintiff's litigious nature as reflected in the papers and before this Court, the total amount

of hours is generally in keeping with that considered reasonable." (*Id.* at p. 6). In awarding

Defendants $25,000 in fees, the Magistrate Judge "reduce[d] the amount of hours to reflect that

certain of the fees claimed were incurred in support of positions taken by Defendants that were

unsuccessful (portions of the motion to dismiss the amended complaint, for example - *see* Doc. No.

53), and thus, did not serve to advance the defense."[1] (*Id.*)

Plaintiff raises the following objections to the Magistrate Judge's Report and

Recommendation. (Doc. No. 139). First, Plaintiff argues that Defendants are not entitled to

attorney's fees under the lease because this case is not about the lease. (*Id.* at p. 1). Next, Plaintiff

contends that the award of attorney's fees is improper because he proved that there was no lease.

(*Id.* at p. 3). Finally, Plaintiff challenges the fee award by citing Federal Rule of Civil Procedure

54(d)(2) and arguing that the procedure by which Defendants sought attorney's fees was

inapplicable to this case. (*Id.* at p. 3). Defendants responded to Plaintiff's objections. (Doc. No.

140).

---

[1]   The Magistrate Judge noted that Plaintiff never objected to the rates charged by
Defendants' counsel but reasoned that any objection would be futile because the rates charged were
"exceptionally low." (Doc. No. 138, p. 6, p. 6 n. 3). Plaintiff's Objection to the Report and
Recommendation does not challenge the rates charged or the total amount of fees awarded. (*See*
Doc. No. 139).

**Standard of Review**

A party seeking to challenge the findings in a Report and Recommendation of the United

States Magistrate Judge must file "written objections which specifically identify the portions of the

proposed findings and recommendation to which objection is made and the specific basis for

objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (*quoting Heath v.*

*Jones,* 863 F.2d 815, 822 (11th Cir. 1989)).  If a party makes a proper objection, the District Court

must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-

84.   The District Court may accept, reject, or modify in whole or in part, the findings or

recommendations made by the Magistrate Judge. *Id.* at 784.  When conducting its *de novo* review,

"the district court's consideration of the factual issues [must] be independent and based upon the

record before the court." *Id.*  (*quoting LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).  If

the Magistrate Judge's findings of fact are based on testimony of witnesses, the District Court must

review the tape or transcript. *Id.*

**Analysis**

**I.      Plaintiff's Argument that Defendants are not Entitled to Attorney's Fees**

Plaintiff's first argument, that Defendants are not entitled to attorney's' fees under the lease

because the case does not involve the lease, is without merit.  Foremost, this Court previously held

that Defendants were entitled to attorney's' fees on the basis of the lease.  (Doc. No. 107, p. 11).

In its previous Order, the Court quoted language of the lease[2] and reasoned that it "clearly imposes

---

[2]      The relevant provision of the lease states that "[s]hould either party commence an action against the other to enforce any obligation hereunder or for a determination of its rights or duties hereunder or in connection herewith or in any way relating to the leased premises, the prevailing party shall be entitled to recover a reasonable attorney's fee and all costs and expenses

(continued...)

liability on Plaintiff Cascella for pursuing this litigation because several of his claims were directly related to the leased premises." (*Id.*)  Moreover, as the Magistrate Judge noted, the Eleventh Circuit's order affirming summary judgment referenced the fact that this case arose because Plaintiff leased property from Defendants and quoted portions of the lease agreement. (Doc. No. 121).

In the attorney's fees hearing Plaintiff's sole argument was that attorney's fees were inappropriate because the instant case was about jurisdiction and did not involve the lease. However, the Magistrate Judge found that Plaintiff's contention was without support and reasoned that Plaintiff should not be able "attempt to recast all of his claims as being wholly extraneous to the Lease" in order to avoid paying Defendants' attorney's' fees. (Doc. No. 138, pp. 4,5).

In his objection, Plaintiff argues that his position was supported by the evidence he submitted at the hearing. (Doc. No. 139, pp. 1-2).  None of the evidence to which Plaintiff refers supports his argument that the case is not about the lease. (*See* Doc. No. 137).  First, Plaintiff references a letter dated August 5, 2007 from Defendants' counsel which included a transcript and agenda from a Canaveral Port District Board of Commissioners Meetings. (Doc. No. 139, pp. 1-2 (citing Doc. Nos. 137-4, 137-5)).  The transcript and agenda indicate the meeting included a discussion over whether to terminate Plaintiff's lease. (Doc. Nos. 137-4, 137-5).  The Court fails to see how this transcript and agenda prove that Plaintiff's case was not about the lease.

Next, Plaintiff cites the Canaveral Port Authority's February 18, 2002 Writ of Possession that allowed it to remove all persons from Plaintiff's property. (Doc. No. 139, p. 2 (citing Doc. No. 137-2)).  The Court also fails to see how this document support's Plaintiff's contention.

_____

[2](...continued)
incurred in such action." (Doc. No. 107, p. 11 (*quoting* Doc. No. 26-2, "Lease Agreement," Lease Covenants and Restrictions, § 29)).

Third, Plaintiff cites to a sentence from the introductory paragraph of Defendants' Response to his Motion for Summary Judgment, which he submitted as evidence, that states: "Plaintiffs' Motion (and indeed entire case) rests on the premise that the Florida Circuit Court did not have subject matter or personal jurisdiction to enter the Final Judgment of Eviction evicting Cascella because the case had been removed to federal court, rendering the judgment void." (Doc. No. 139, p. 2 (citing Doc. No. 137-3, pp. 1-2)). This statement is merely a summary of Plaintiff's summary judgment argument, which was found to be without merit. (*See* Doc. Nos. 35, 41, 71). Moreover, even if Defendants' statement was not merely a summary of Plaintiff's argument, it indicates that the instant case was premised upon a challenge to the validity of the state court's actions with respect to the lease. (*See* Doc. No. 137-3, pp. 1-2).

In his second argument, the Plaintiff cites *In re Jet 1 Center, Inc.*, 335 B.R. 771 (Bankr. Md. Fla. 2005) and argues that it supports his position that the lease was terminated and therefore could not provide a basis for awarding attorney's fees. (Doc. No. 139, p. 2). Plaintiff references no specific portion of the *Jet Center Case* and includes no argument as to how it supports his position. (*See id.*). However, under Florida law, "[w]hen parties enter into a contract and litigation later arises out of the contract, the prevailing party may recover attorney's fees under a prevailing party attorney's fee provision, even though the contract is rescinded or rendered unenforceable by some subsequent act." *Tarr v. Honea,* — So.2d —, 2007 WL 1756720 at *1 (Fla. 4th DCA June 20, 2007) (citing *Katz v. Van Der Noord*, 546 So.2d 1047, 1049 (Fla.1989)). Consequently, the Court finds that the Magistrate Judge did not err in holding that Defendants are entitled to attorney's' fees.

**II.      Procedural Deficiency**

Plaintiff's final contention is that Federal Rule of Civil Procedure 54(d)(2) does not apply

to the instant case.  (Doc. No. 139, p. 3).  Plaintiff argues that the award of attorney's fees in

inappropriate because Defendants did not follow the proper procedure in seeking fees.  (Doc. No.

139, p. 2).  However, Plaintiff's argument is not well taken.

Local Rule 4.18(a) provides in pertinent part: "In accordance with Fed. R. Civ. P. 54, all

claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be

asserted by separate motion or petition filed not later than fourteen (14) days following the entry of

judgment."  Federal Rule of Civil Procedure 54(d)(2)(A) provides: "[c]laims for attorneys' fees and

related nontaxable expenses shall be made by motion unless the substantive law governing the action

provides for the recovery of such fees as an element of damages to be proved at trial."  Under

Florida law, the proper procedure for seeking attorney's fees under a prevailing party provision of

a contract is to file a motion with the trial court after the conclusion of the case.  *E.g., Caufield v.*

*Cantele*, 837 So.2d 371, 373 (Fla. 2002) (defendants filed motion for attorney's fees after plaintiff

voluntarily dismissed claim); *Sawyer v. Fla. Dev. Assocs., Ltd.,* — So.2d. —, 2007 WL 981743 at

*1 (Fla. 3d DCA Apr. 4, 2007) (awarding attorney's fees on motion by prevailing party after losing

party's argument failed in trial court and on appeal); *Wood v. Panton & Co. Realty, Inc.*, 950 So.2d

534, 535 (Fla. 4th DCA 2007) (defendant filed motion separate motion for attorney's fees after trial

court granted its motion for summary judgment).

Defendants filed their initial motion for attorney's fees and costs on November 29, 2005,

fourteen days after the Court granted Defendants' Motion for Summary Judgment.  (Doc. Nos. 90,

92).  The Court found that Defendants were "entitled to make application for attorneys fees and costs

against Plaintiff Cascella under the terms of the written lease agreement." (Doc. No. 107, p. 13).

Therefore, the Court can find no procedural deficiency in how Defendants' sought attorney's fees.

### Conclusion

Based on the foregoing, Plaintiff's Objections are **OVERRULED**, and the Report and

Recommendation of the United States Magistrate Judge (Doc. No. 138) is **ADOPTED** and

**AFFIRMED.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 22, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party